IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40674
Conference Calendar
_____

DAVID STARKS-EL, and all others
similarly situated,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA, STATE OF,
LOUISIANA, STATE OF TEXAS,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:95-CV-239
- - - - - - - - - - -
(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

David Starks-El filed a pro se, in forma pauperis civil

rights complaint, 42 U.S.C. § 1983, against the United States and

the states of Texas and Louisiana seeking declaratory and

injunctive relief.  The district court dismissed the complaint as

frivolous.

---

[*] Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

In the absence of consent to be sued, the Eleventh Amendment bars suit against a state. Cronen v. Texas Dep't of Human Serv., 977 F.2d 934, 937 (5th Cir. 1992). This jurisdictional bar applies regardless of the nature of the relief sought. Id. Starks-El has not demonstrated that either Texas or Louisiana consented to be sued. The district court properly dismissed the claims against these defendants as barred by the Eleventh Amendment.

The doctrine of sovereign immunity renders the United States immune from suit except as the United States has consented to be sued. Williamson v. United States Dep't of Agric., 815 F.2d 368, 373 (5th Cir. 1987). A constitutional claim against the United States is barred by the doctrine of sovereign immunity. McAfee v. 5th Circuit Judges, 884 F.2d 221, 223 (5th Cir. 1989), cert. denied, 493 U.S. 1083 (1990). Starks-El has not demonstrated that the United States has consented to be sued; he cannot bring his constitutional claims against the United States.

This appeal is without arguable merit and thus frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it will be dismissed. 5th Cir. R. 42.2. We caution Starks-El that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Starks-El is further cautioned to review all pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

Appeal DISMISSED.